UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-59329-SMS |
| | : | |
| ROBERT MONTGOMERY and | : | CHAPTER 7 |
| PATRICIA MONTGOMERY, | : | |
| | : | |
| Debtors. | : | |
| | : | |

## MOTION FOR APPROVAL OF SETTLEMENT OF MOTOR VEHICLE ACCIDENT CLAIM UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW Michael J. Bargar, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for the bankruptcy estates (the "**Estate**") of Robert Montgomery ("**Mr. Montgomery**") and Patricia Montgomery (together with Mr. Montgomery, "**Debtors**"), and, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Approval of Settlement of Motor Vehicle Accident Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**"), and respectfully shows this Court the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### Background

*a. General Background*

2. On June 14, 2019 ("**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

14915171v1

3. On or about the same day, Trustee was appointed to serve as the Chapter 7 Trustee for Debtors' Bankruptcy Estate. Trustee remains the duly appointed and acting Chapter 7 Trustee.

4. Prior to the Petition Date, on or about May 6, 2017, Mr. Montgomery was involved in a motor vehicle accident in Forsyth County, Georgia in which he sustained injuries (the "**Incident**").

5. On April 2, 2020, Trustee filed an application [Doc. No. 61] (the "**Employment Application**") to employ Mitnick & Associates, P.C. ("**Special Counsel**") as his special counsel. On April 6, 2020, the Court entered an order [Doc. No. 64] (the "**Employment Order**"), approving Trustee's employment of Special Counsel.

6. Pursuant to the approved Employment Application, Special Counsel is to be paid "33-1/3% of the total sum recovered if [a] suit [is] not filed" and "40% of the total sum recovered if [a] suit is filed", and in any case will be reimbursed for out-of-pocket expenses, subject to the approval of the Bankruptcy Court.

*b. The Proposed Settlement*

7. Subject to approval by the Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure, Allstate Fire and Casualty Insurance Company, the liability insurance carrier ("**Allstate**") has agreed to tender payment for the Incident as a settlement of Mr. Montgomery's claim(s) against Lukas Jack Shoultz and Emily Shoultz related to the Incident (the "**Settlement**").[1]

8. The gross Settlement award is $50,000.00, which is comprised of the full policy limit of the insured motorist.

---

[1] At the time of this filing, there remains an outstanding uninsured motorist claim related to the Incident, which Trustee reserves the right to pursue on behalf of the bankruptcy estate and which is not included in the Settlement.

14915171v1

9. If awarded by the Court,[2] Special Counsel will be paid fees in the amount of $20,000.00 (or 40% of the total $50,000.00 recovered) and reimbursement of expenses in the amount of $0.00.

10. As a result, the Bankruptcy Estate will have available for distribution under 11 U.S.C. § 726 the remaining $30,000.00, calculated as follows:

|  |  |
|---:|---|
| Settlement Award | $50,000.00 |
| Special Counsel Fees | $20,000.00 |
| Special Counsel Expense Reimbursement | $0.00 |
| **Total Available for Distribution** | **$30,000.00** |

11. Attached hereto and incorporated herein by reference as Exhibit "A" is a copy of the proposed Limited Liability Release (the "**Settlement Agreement**") related to the Settlement.[3] .

### Relief Requested

12. Trustee requests an order from the Court approving the Settlement and authorizing Trustee to settle a portion of the interest of the Bankruptcy Estate in the Incident[4] under the terms set forth herein, including approval of the Settlement Agreement.

### Basis for Relief Requested

13. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

---

[2] Contemporaneously herewith, Trustee has filed *Trustee's Application for Compensation of Special Counsel and Request for Authorization to Pay Compensation.*

[3] As indicated, Trustee will remove the indemnification provisions before signing.

[4] As stated above, at the time of this filing, there remains an outstanding uninsured motorist claim related to the Incident, which Trustee reserves the right to pursue on behalf of the bankruptcy estate and which is not included in the Settlement.

14915171v1

14. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
>> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

15. Under the standard set forth above, Trustee believes that the Court should grant the Motion and approve the Settlement.

16. Trustee asserts that the terms of the Settlement fall well within the range of reasonableness for a settlement of the Incident and will meaningfully benefit the Debtors' Bankruptcy Estate and its creditors, and therefore respectfully requests that the Court grant the Motion. Indeed, based on currently filed unsecured claims in the approximate amount of $37,495.65 and the other funds recovered for the Bankruptcy Estate, Trustee believes that the Settlement will allow him to make a meaningful distribution to the holders of allowed unsecured claims.

[INTENTIONALLY LEFT BLANK]

14915171v1

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion, approve the Settlement and the terms of the Settlement Agreement, and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 4th day of May, 2020.

>ARNALL GOLDEN GREGORY LLP
>*Attorneys for Trustee*
>
>By:*/s/ Michael J. Bargar*
>  Michael J. Bargar
>  Ga. Bar No. 645709
>Arnall Golden Gregory, LLP
>171 17th Street, NW, Suite 2100
>Atlanta, Georgia 30363-1031
>Phone: (404) 873-8500/Fax: 9404) 873-8501
>Email: michael.bargar@agg.com

14915171v1

**EXHIBIT "A" FOLLOWS**

14915171v1

Re:  Forsyth Sup. Ct. No:   19CV-0501-2
N.D. GA Bankr. No: 19-59329 SMS
Claim No.:              0455601419

## LIMITED LIABILITY RELEASE
## PURSUANT TO O.C.G.A. § 33-24-41.1

**KNOW ALL MEN BY THESE PRESENTS**, that we, ROBERT C. MONTGOMERY, JR., PATRICIA MONTGOMERY (the Montgomerys), and MICHAEL J. BARGER, ESQ., Chapter 7 U.S. Trustee for the Bankrupt Estate of the Montgomerys, (collectively the Undersigned), for and in consideration of the sum of FIFTY THOUSAND DOLLARS ($50,000.00) lawful money of the United States of America, in hand paid, the receipt and sufficiency of which is hereby acknowledged, do hereby for their heirs, executors, administrators, successors and assigns of the Undersigned acquit, remise, release, and forever discharge ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("Insurance Carrier"), its successors, parent companies, subsidiaries, and affiliates except to the extent of insurance coverage other than under Policy No. 000945337653 that is or may is available to covers the claim or claims of the Undersigned against the Limited Releasees and do acquit, remise, release, and forever discharge LUKAS JACK SHOULTZ and EMILY SHOULTZ ("Limited Releasees"), their heirs, executors, administrators, successors and assigns, except to the extent other insurance coverage is available which covers the claim or claims of the Undersigned against the Limited Releasees, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, specifically including but not limited to, all known and unknown bodily and personal injuries of the Undersigned, all damages to the Undersigned's property, all hospital bills, doctor bills, drug bills, any potential loss of consortium claim, and other medical expenses, that belong to the Undersigned or which may hereafter accrue to the Undersigned on account of or resulting from the accident, casualty or event which occurred on State Route 141 on or about May 6, 2017 in Forsyth County, Georgia.

IT IS UNDERSTOOD AND AGREED that this Limited Release is entered into pursuant to the provisions set forth in O.C.G.A. §33-24-41.1, and it is intended that the force and effect of this Limited Release shall be as intended by the aforesaid Code section. This Limited Release shall not operate as a release of any other persons or entities not specifically named herein and shall not operate as a release of the Undersigned's claims against any other insurance carrier not named in this Limited Release.

~~The Undersigned further hereby agree as consideration for the above payment to resolve any and all legally enforceable liens of the Georgia Department of Medical Assistance (Medicaid); the Georgia Department of Human Resources, Division of Rehabilitation Services (DHR); Medicare,~~

Case 19-59329-sms    Doc 71    Filed 05/04/20    Entered 05/04/20 14:54:35    Desc Main
Document    Page 8 of 11

Re:  Forsyth Sup. Ct. No:   19CV-0501-2
N.D. GA Bankr. No: 19-59329 SMS
Claim No.:              0455601419

~~pursuant to 42 U.S.C.A. Section 1395(y)(b)(1) and 1396(a)(25); the Medical Care Recovery Act (MCRA); the Civilian Health and Medical Programs of the Uniform Services (CHAMPUS); or from any health care provider governed by the Employee Retirement Income Security Act (ERISA); or hospital, nursing home, physician practice, or traumatic burn care medical practice any entity or person for whom a lien may be provided under the provisions of O.C.G.A. § 44-14-470, et. seq., and to indemnify and hold harmless the Insurance Carrier and Limited Releasees against any and all legally enforceable liens asserted by any of the aforementioned entities or persons.~~

It is expressly understood and agreed that this Limited Release is a settlement of claims for which the parties released hereby deny all liability and that by this release, the parties released hereby intend merely to avoid litigation. This Limited Release in no way prejudices the rights of the released parties to deny liability in any action based upon the said accident, casualty or event.

The Undersigned further declare and represent that no promise, inducement, or agreement not herein expressed has been made to the Undersigned, that this Release contains the entire agreement between the parties, and the terms of this Release are contractual and not mere recitals.

The Undersigned are 18 years of age or older, of sound mind and laboring under no disabilities.

The Undersigned understands that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite. It is understood and agreed that the Undersigned has relied wholly upon the judgment of the Undersigned and the belief and knowledge of the Undersigned as to the nature, extent, effect and duration of said injuries and liability, if any, and such is made without reliance upon any statement or representation of the parties hereby released or their representatives or by any physician or surgeon.

It is understood that the amount of settlement represented by this Limited Release shall not be construed in any manner so as to imply that the settlement herein fully compensates the Undersigned for all economic and non-economic damages.

This agreement is entered into without the consent of the party(ies) released hereby, who, therefore, will not be precluded hereby from the assertion of any claims against you. <u>See</u>: O.C.G.A § 33-7-12.

The Undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to the Undersigned and that this Release contains the entire agreement between the parties.

Re: Forsyth Sup. Ct. No: 19CV-0501-2
N.D. GA Bankr. No: 19-59329 SMS
Claim No.:             0455601419

All the foregoing representations are made in order for the parties released hereby to rely upon them in effecting this limited Release and compromise.

The Undersigned hereby acknowledges prior receipt of this Limited Release and that it is notice in writing of lack of consent of the Limited Releasee to this settlement and that the Limited Releasee is not precluded from further assertion of claims against the Undersigned by virtue of this Limited Release.

THE UNDERSIGNED HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND IT.

Witness my hand and seal, this _____ day of _____, 2020.

Witnessed by:

_____(L.S.)                    _____(L.S.)
                                                ROBERT C. MONTGOMERY, JR.,

STATE OF GEORGIA       }
                       } ss:
COUNTY OF _____  }

On this _____ day of _____, 2020, before me personally appeared ROBERT C. MONTGOMERY, JR, to me known to be the persons who executed the foregoing instrument, and acknowledging that he executed same as his free act and deed.

_____
Notary Public

Witness my hand and seal, this _____ day of _____, 2020.

Witnessed by:

_____(L.S.)                    _____(L.S.)
                                                PATRICIA MONTGOMERY

-3-

Re: Forsyth Sup. Ct. No: 19CV-0501-2
N.D. GA Bankr. No: 19-59329 SMS
Claim No.:            0455601419

STATE OF GEORGIA        }
                        } ss:
COUNTY OF _____   }

On this _____ day of _____, 2020, before me personally appeared PATRICIA MONTGOMERY, to me known to be the persons who executed the foregoing instrument, and acknowledging that he executed same as his free act and deed.

_____
Notary Public

Witness my hand and seal, this _____ day of _____, 2020.

Witnessed by:

_____(L.S.)        _____ (L.S.)
                                          MICHAEL J. BARGER, ESQ.
                                          Chapter 7 U.S. Trustee for the
                                          Bankrupt Estate of the Montgomerys

STATE OF GEORGIA        }
                        } ss:
COUNTY OF _____   }

On this _____ day of _____, 2020, before me personally appeared MICHAEL J. BARGER, to me known to be the persons who executed the foregoing instrument, and acknowledging that he executed same as his free act and deed.

_____
Notary Public

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Approval of Settlement of Motor Vehicle Accident Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Jared L. Mitnick
Daniel W. Mitnick & Associates, P.C.
Suite 103
3180 North Point Parkway
Alpharetta, GA 30005

Robert Montgomery
615 Hermitage Place
Alpharetta, GA 30005

Patricia Montgomery
615 Hermitage Place
Alpharetta, GA 30005

Joel E. Hausman
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060

This 4th day of May, 2020.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

14915171v1