UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-59329-SMS |
| | : | |
| ROBERT MONTGOMERY and | : | CHAPTER 7 |
| PATRICIA MONTGOMERY, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW Michael J. Bargar, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for the bankruptcy estates (collectively, the "**Estate**" or "**Bankruptcy Estate**") of Robert Montgomery ("**Mr. Montgomery**") and Patricia Montgomery ("**Mrs. Montgomery**", together with Mr. Montgomery, the "**Debtors**"), and, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Approval of Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**"), and respectfully shows this Court the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

2. On June 14, 2019 ("**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

16082280v1

3. On or about the same day, Trustee was appointed to serve as the Chapter 7 Trustee for Debtors' Bankruptcy Estate. Trustee remains the duly appointed and acting Chapter 7 Trustee.

4. On April 2, 2020, Trustee filed an application [Doc. No. 61] (the "**Employment Application**") to employ Mitnick & Associates, P.C. ("**Special Counsel**") as his special counsel related to the personal injury claim (the "**Claim**") arising from the Incident. On April 6, 2020, the Court entered an order [Doc. No. 64], approving Trustee's employment of Special Counsel.

5. On May 4, 2020, Trustee filed a *Motion for Approval of Settlement of Motor Vehicle Accident Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 71]. Pursuant to that settlement agreement (the "**Allstate Settlement Agreement**"), Allstate Fire and Casualty Insurance Company, the liability insurance carrier ("**Allstate**") agreed to tender payment for the Incident as a settlement of Mr. Montgomery's claim(s) against Lukas Jack Shoultz and Emily Shoultz related to the Incident.

6. The gross Settlement award was $50,000.00 (the "**Settlement Proceeds**"), which was comprised of the full policy limit of the insured motorist.

7. On June 1, 2020, the Court entered an order approving the Allstate Settlement Agreement [Doc. No. 76] (the "**Settlement Order**").

8. On May 5, 2020, Trustee filed *Trustee's Application for Compensation of Special Counsel and Request for Authorization to Pay Compensation* [Doc. No. 72], seeking authority to pay $20,000.00 to Special Counsel (the "**Special Counsel Fee Application**"). On June 1, 2020, the Court entered an order approving the Special Counsel Fee Application. [Doc. 77] (the "**Special Counsel Fee Order**").

9. Trustee has received the Settlement Proceeds, and they are being held in the bank account for the Bankruptcy Estate.

16082280v1

10. After the Court entered the Settlement Order, Trustee was notified that Rawlings Company LLC ("**Rawlings**") asserts that it has an equitable lien in the Settlement Proceeds in the approximate amount of $39,000.00, arising out of certain pre-petition payments it made on Mr. Montgomery's behalf related to the Claim and a purportedly ERISA qualified insurance plan.

11. Trustee disputes the validity of the equitable lien asserted by Rawlings, or alternatively, asserts that he can avoid any such lien in his capacity as a hypothetical judgment lien creditor (the "**Lien Dispute**").

### *The Proposed Settlement*

12. Subject to approval by the Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Parties[1] have entered into a settlement agreement (the "**Settlement Agreement**") to resolve the claims and disputes between them as to the Lien Dispute as follows:[2]

   a. *Rawlings Lien in the Settlement Proceeds.* Rawlings shall have a valid lien in the Settlement Proceeds in the amount of $39,000.00 (the "**Valid Lien**").

   b. *Payment to Special Counsel from the Settlement Proceeds.* Within five (5) business days of the Settlement Approval Order becoming final, Trustee will pay, and Rawlings consents to Trustee's paying, $20,000.00 of the Settlement Proceeds to Special Counsel in accordance with the Special Counsel Fee Order.

   c. *Payment to Rawlings from the Settlement Proceeds.* Within five (5) business days of the Settlement Approval Order becoming final, Trustee will pay Rawlings $17,000.00 from the Settlement Proceeds on the basis of the Valid Lien.

   d. *Carve Out from the Valid Lien.* Effective upon the Settlement Approval Order becoming final, Rawlings grants the Bankruptcy Estate a carve out from the Valid Lien in the amount of $13,000.00 (the "**Carve Out**"), and this Carve Out in the

---

[1] Capitalized terms used herein, but not otherwise defined shall have the meanings ascribed in the Settlement Agreement.

[2] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

16082280v1

        amount of $13,000.00 shall be free for Trustee to distribute in accordance with Section 726 of the Bankruptcy Code.

13. Attached hereto and incorporated herein by reference as Exhibit "A" is a copy of the proposed Settlement Agreement.

### Relief Requested

14. Trustee requests an order from the Court approving the Settlement Agreement.

### Basis for Relief Requested

15. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

16. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

17. The proposed settlement between the Parties is the product of arm's-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

18. Given the potential time and expense of litigating the Lien Dispute, and the contingent nature of the same, in the event that the claims that are proposed to be settled are

16082280v1

instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known, and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement Agreement is a proper exercise of Trustee's business judgment and in the best interests of the Bankruptcy Estate. The proposed Settlement Agreement allows the Bankruptcy Estate to avoid the costs of litigating the claims arising through the Lien Dispute. In summary, the proposed Settlement Agreement represents an advantageous result for the Bankruptcy Estate and clearly falls within the range of reasonableness required under *Justice Oaks*.

19. Finally, Trustee estimates that the proposed settlement, along with the recoveries that Trustee made as a result of the sale of the Debtors' primary residence, will allow him to make a meaningful distribution to holders of timely filed, non-priority, general unsecured claims.

20. Under the standard set forth above, Trustee respectfully requests that the Court grant the Motion and approve the Settlement Agreement.

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion, approve the Settlement Agreement, and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 14th day of January, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
   Michael J. Bargar
   Ga. Bar No. 645709
Arnall Golden Gregory, LLP
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Email: michael.bargar@agg.com
Phone: 404-873-7030

16082280v1

**EXHIBIT "A" FOLLOWS**

16082280v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made and entered into as of this 4th day of January, 2021 (the "**Effective Date**"), by and between Michael J. Bargar, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Robert Montgomery ("**Mr. Montgomery**") and Patricia Montgomery ("**Mrs. Montgomery**", together with Mr. Montgomery, the "**Debtors**"); and the Rawlings Company LLC ("**Rawlings**").

### Background

1. On June 14, 2019 ("**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), Chapter 7 Case No. 19-59329-SMS (the "**Bankruptcy Case**").

2. Trustee was appointed and remains the duly acting Chapter 7 trustee for the Bankruptcy Estate.

3. Prior to the Petition Date, on or about May 6, 2017, Mr. Montgomery was involved in a motor vehicle accident in Forsyth County, Georgia in which he sustained injuries (the "**Incident**").

4. On April 2, 2020, Trustee filed an application [Doc. No. 61] (the "**Employment Application**") to employ Mitnick & Associates, P.C. ("**Special Counsel**") as his special counsel related to the personal injury claim (the "**Claim**") arising from the Incident. On April 6, 2020, the Court entered an order [Doc. No. 64], approving Trustee's employment of Special Counsel.

5. On May 4, 2020, Trustee filed a *Motion for Approval of Settlement of Motor Vehicle Accident Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 71]. Pursuant to that settlement agreement (the "**Allstate Settlement Agreement**"), Allstate Fire and Casualty Insurance Company, the liability insurance carrier ("**Allstate**") agreed to tender payment for the Incident as a settlement of Mr. Montgomery's claim(s) against Lukas Jack Shoultz and Emily Shoultz related to the Incident.

6. The gross Settlement award was $50,000.00 (the "**Settlement Proceeds**"), which was comprised of the full policy limit of the insured motorist.

7. On June 1, 2020, the Court entered an order approving the Allstate Settlement Agreement [Doc. No. 76] (the "**Settlement Order**").

8. On May 5, 2020, Trustee filed *Trustee's Application for Compensation of Special Counsel and Request for Authorization to Pay Compensation* [Doc. No. 72], seeking authority to pay $20,000.00 to Special Counsel (the "**Special Counsel Fee Application**"). On June 1, 2020, the Court entered an order approving the Special Counsel Fee Application. [Doc. 77] (the "**Special Counsel Fee Order**").

9. Trustee has received the Settlement Proceeds, and they are being held in the bank account for the Bankruptcy Estate.

10. After the Court entered the Settlement Order, Trustee was notified that Rawlings asserts that it has an equitable lien in the Settlement Proceeds in the approximate amount of $39,000.00, arising out of certain pre-petition payments it made on Mr. Montgomery's behalf related to the Claim and a purportedly ERISA qualified insurance plan.

11. Trustee disputes the validity of the equitable lien asserted by Rawlings, or alternatively, asserts that he can avoid any such lien in his capacity as a hypothetical judgment lien creditor (the "**Lien Dispute**").

12. Following negotiations, Trustee and Rawlings (collectively, the "**Parties**") have reached an agreement to resolve the Lien Dispute.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Lien Dispute.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as to the Lien Dispute as follows:

   a. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee agrees to prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

   b. *Rawlings Lien in the Settlement Proceeds.* Rawlings shall have a valid lien in the Settlement Proceeds in the amount of $39,000.00 (the "**Valid Lien**").

   c. *Payment to Special Counsel from the Settlement Proceeds.* Within five (5) business days of the Settlement Approval Order becoming final, Trustee will pay, and Rawlings consents to Trustee's paying, $20,000.00 of the Settlement Proceeds to Special Counsel in accordance with the Special Counsel Fee Order.

   For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such

15976205v1

affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

d. *Payment to Rawlings from the Settlement Proceeds.* Within five (5) business days of the Settlement Approval Order becoming final, Trustee will pay Rawlings $17,000.00 from the Settlement Proceeds on the basis of the Valid Lien.

e. *Carve Out from the Valid Lien.* Effective upon the Settlement Approval Order becoming final, Rawlings grants the Bankruptcy Estate a carve out from the Valid Lien in the amount of $13,000.00 (the "**Carve Out**"), and this Carve Out in the amount of $13,000.00 shall be free for Trustee to distribute in accordance with Section 726 of the Bankruptcy Code.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by the Parties, and any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Rawlings, but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as

facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

    8. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

    9. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

    10. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

    11. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed delivered: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the Parties as follows:

    (a) *If to Trustee*:

        Michael J. Bargar
        Arnall Golden Gregory LLP
        171 17th Street, NW, Suite 2100
        Atlanta, GA 30363
        michael.bargar@agg.com (electronic mail)

    (b) *If to Rawlings*:

        L. Taylor Smith
        Associate General Counsel
        Rawlings & Associates, PLLC
        PO Box 49
        La Grange, KY 40031
        lts@rawlingsandassociates.com (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

15976205v1

12. **Restoration.** In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

14. **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the date first set forth above.

**TRUSTEE**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: /s/ Michael J. Bargar, Trustee
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
404-873-7030

Dated: 1/5/21

**THE RAWLINGS COMPANY LLC**

By: L. Taylor Smith
Name: L. Taylor Smith
Title: Associate General Counsel to The Rawlings Company

Dated: 1/4/2021

Page 5 of 5

15976205v1

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Approval of Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

L. Taylor Smith
Associate General Counsel
Rawlings & Associates, PLLC
PO Box 49
La Grange, KY 40031

Robert Montgomery
615 Hermitage Place
Alpharetta, GA 30005

Patricia Montgomery
615 Hermitage Place
Alpharetta, GA 30005

Jared L. Mitnick
Daniel W. Mitnick & Associates, P.C.
Suite 103
3180 North Point Parkway
Alpharetta, GA 30005

This 14th day of January, 2021.

> */s/ Michael J. Bargar*
> Michael J. Bargar
> Georgia Bar No. 645709

16082280v1